(No. 22880.

The People of the State of Illinois, Defendant in Error, *vs.* Ruby Sartin, Plaintiff in Error.

*Opinion filed October 14, 1935—Rehearing denied Dec. 4, 1935.*

Charles R. Aiken, for plaintiff in error.

Otto Kerner, Attorney General, Thomas J. Courtney, State's Attorney, and J. J. Neiger, (Edward E. Wilson, Henry E. Seyfarth, and John T. Gallagher, of counsel,) for the People.

Mr. Chief Justice Stone delivered the opinion of the court:

Plaintiff in error was at the April, 1930, term of the criminal court of Cook county found guilty by a jury of the murder of Emma Ford. She was sentenced to twenty-five years in the penitentiary and seeks reversal of that judgment on the ground that the court erred in orally instructing the jury. It is not here urged that she is not guilty.

The facts showed that about 2:00 o'clock on the morning of November 17, 1929, plaintiff in error went to the home of Emma Ford and in the presence of three witnesses, and after visiting for a while in the room with those witnesses and with Emma Ford, went to the door as though intending to leave, when she turned and fired one shot. The Ford girl ran into an adjoining room and closed the door. Plaintiff in error forced the door and fired another shot, resulting in the death of Emma Ford.

The complaint as to the trial arises out of oral instructions given to the jury by the trial judge both before and after the evidence had been heard. These instructions were objected to on motion for a new trial, not because of having been orally given but because they mis-stated the law. It is here complained, however, that the court erred in orally instructing the jury. While this method of instructing the jury was clearly illegal, (*People* v. *Kelly,* 347 Ill. 221,) the question was not raised on the trial but was expressly waived on motion for new trial and is not available to plaintiff in error here. The practice of accepting or proposing such an agreement is condemned, and if the question is raised at any time before judgment, nothwithstanding such agreement, it will constitute sufficient ground for reversal. Here the question was at no time raised but expressly waived. No objections to the instructions as given were made at the time of the trial, the first objection thereto being made on motion for new trial, and then only by the general objection that they mis-stated the law. The correctness of those instructions is therefore not open here.

It is argued that it was error to tell the jury that they were judges of the law as well as of the facts. The question was not raised at any time on the trial of this case. *People* v. *Clardy,* 334 Ill. 160, recognized the right to a writ of error where the statute defining a crime is invalid and so does not charge a crime. This case is not authority

for the proposition that the invalidity of a statute governing procedure may be raised for the first time in this court.

The killing was not denied but plaintiff in error claims she acted in self-defense. Her counsel says in his briefs that she was denied the opportunity to state that she was carrying the pistol in self-defense. While the record discloses that at one time during her examination such opportunity was denied her, yet an examination of her testimony also discloses that she was later allowed to testify fully that her purpose in carrying the gun was one of self-defense.

There is no error in this record of which plaintiff in error may now justly complain, and the judgment will be affirmed.

*Judgment affirmed.*